Filed 6/3/25  Manly v. Excelsior Nutrition CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHARLES MANLY, | |
| Plaintiff and Appellant, | G062395 |
| v. | (Super. Ct. No. 30-2020-01131220) |
| EXCELSIOR NUTRITION, INC., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Nathan T. Vu, Judge. Affirmed.

Charles Manly, in pro. per., for Plaintiff and Appellant.

George Bean Law and George H. Bean for Defendant and Respondent.

\*          \*          \*

Charles Manly (Manly) appeals from a judgment entered in favor of Excelsior Nutrition, Inc. (Excelsior) following a jury trial. Unfortunately, Manly's brief suffers from several flaws which make it difficult for us to assess the merits of his claims. From what we can review, we find no merit to Manly's appeal and affirm the judgment.

## STATEMENT OF FACTS

Excelsior hired Manly as a Quality Control Technician. Excelsior later terminated Manly for violating company policy. Manly sued Excelsior claiming they unlawfully terminated him. Following trial in which a jury found against Manly on all his causes of action, the court entered judgment in favor of Excelsior.

## DISCUSSION

### I.

### FORFEITURE OF APPELLATE CLAIMS

We begin with a brief discussion of appellate principles and requirements. An understanding of these is necessary for a successful appeal, and these apply equally to propria persona litigants and attorneys. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247 (*Nwosu*).)

The most fundamental rule of appellate procedure is "a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) "'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.'" (*Ibid.*) "'This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant

must present an adequate argument including citations to supporting authorities and to relevant portions of the record.'" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619–620.) We are "'not required to search the record on [our] own seeking error.'" (*Nwosu, supra*, 122 Cal.App.4th at p. 1246.) "When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.'" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Part of the appellant's burden of overcoming this presumption is his responsibility to "provide [us with] an adequate appellate record [which] demonstrate[es] error. [Citation.]" (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644.) Documents which were not presented to the trial court generally are not considered part of the appellate record. (*Christ v. Schwartz* (2016) 2 Cal.App.5th 440, 450, fn. 5.) "Where the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct, and on that basis, affirm." (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc., supra,* at p. 644.)

Another fundamental tenant of appellant procedure is the requirement to present all claims of error to the trial court. Contentions "'not raised in the trial court cannot be asserted for the first time on appeal . . . .'" (*Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 548.) "'"The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." [Citation.]'" (*Natkin v. California Unemployment Ins. Appeals Bd.* (2013) 219 Cal.App.4th 997, 1011.) Thus, we will not consider "'arguments, authority, and facts not presented and litigated in the trial court.'" (*Newton v. Clemens* (2003) 110 Cal.App.4th 1, 11.)

Last, although demonstrating error is a prerequisite to a successful appeal, it is not sufficient to warrant reversing or modifying a judgment. The California Constitution "'prohibits [us] from setting aside a judgment due to trial court error unless [we] find[] the error prejudicial.'" (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108.) Error is prejudicial when "'it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.'" (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800.) The appellant bears the burden to demonstrate prejudice from the error. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.)

Here, Manly made factual assertions in his brief but did not support most of them with appropriate citations to the record. When Manly did make citations, they were often to exhibits which were attached to the brief. However, it is not clear if these were appropriately presented to the trial court. Although they are a part of the clerk's transcript, that is only because Manly attached them to his notice of appeal.

Further, Manly did not support most of his legal contentions with citations to pertinent authority. Except for his jury bias claim, he did not show he presented the arguments to the trial court, nor did he show how the errors prejudiced him.

Unfortunately, these deficiencies make it difficult for us to test the viability of Manly's claims. Nonetheless, to the extent we can, we will address each argument identified by a heading or subheading.[1]

## II.

### JURY BIAS AND IMPROPER REMOVAL OF JURORS

Manly contends the defense counsel improperly "removed every person of African-American descent and every person who acknowledged their Christian faith." He asserts this was unconstitutional in violation of *People v. Wheeler* (1978) 22 Cal.3d 258.

""[A] party may exercise a peremptory challenge for any permissible reason or no reason at all" [citation] but "exercising peremptory challenges solely on the basis of race [or other cognizable group] offends the Fourteenth Amendment's guaranty of the equal protection of the laws" [citations]. Such conduct also "violates the right to trial by a jury drawn from a representative cross-section of the community under article 1, section 16, of the California Constitution.""" (*Unzueta v. Akopyan* (2019) 42 Cal.App.5th 199, 212.)

Here, although Manly included the reporter's transcript as part of the record on appeal, it does not cover the entirety of the jury selection process. As such, we have no way of knowing what transpired during jury selection nor what relevance it may have to Manly's claims.

---

[1] The California Rules of Court require each argument to be separated under its own heading or subheading. (Cal. Rules of Court, rule 8.204(a)(1)(B).) As such, we will not "consider [any] loose and disparate argument[] that [is] not clearly set out in a heading and supported by reasoned legal argument." (*Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1294.) Manly forfeits any arguments he raises which are not identified by a heading or subheading.

From what we do have, Manly's counsel objected to the defense excusing "the sole African American that [was] on the panel." His counsel argued it was improper because "it was based upon the race of that individual." However, the defense did not exercise a peremptory challenge as to this juror. The court excused the juror for cause.

Manly also asserts the jury was biased against him because it "was nearly 100% Asian and Caucasian jurors" who were "selected by the defense to agree that [he] suffered no harassment based on [his] gender." Unfortunately, he does not provide any record citations to support his assertions. Therefore, we cannot test it.

Alternatively, Manly's counsel moved to strike "the entire panel as not representative of a fair cross section of the community." When the trial court asked for a factual basis, Manly's counsel stated since Manly is African American, "he is entitled to have at least one African American juror on the jury." The court denied the motion on the merits and on the basis Manly waived it by not raising it when jury selection began. Manly presents us with no authority, nor are we aware of any, demonstrating the court erred.

III.

JUDICIAL ESTOPPEL

Manly argues the defense should have been estopped from asserting Excelsior treated him appropriately when he worked there. He claims such an argument is "a complete contradiction to the defense['s] own discovery documents submitted to the courts in their administrative proceedings . . . . "

"'"'Judicial estoppel precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position. [Citations.] . . . .'"' [Citation.] The doctrine [most

6

appropriately] applies when: "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.'"" (*MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.* (2005) 36 Cal.4th 412, 422.)

Manly premises his contention on "documents [the defense] submitted to the courts in their administrative proceedings . . . . " But we do not know which documents, court, or administrative proceeding Manly is referring to as he did not support the assertion with a record cite. From what we can tell, it appears Manly is referring to an Excelsior internal document which he attached to his brief. But, there is no evidence Manly presented this document to the trial court. Even if he did, there is no evidence Excelsior submitted the document to a different court and that court accepted it as true.

Manly also argues Excelsior should not have been allowed to tell the jury that a witness did not "'have a lot to add to the investigations.'" Manly contends that was misleading as, per his argument, the testimony supported his case. Again, Manly bases this claim on an Excelsior internal investigation document which he attached as an exhibit to his brief. However, again, there is no evidence Excelsior presented the document to another court which accepted it as true.

7

## IV.

### WITNESS TAMPERING, PERJURY, AND
### FRAUD ON THE COURT

Next, Manly claims certain defense witnesses changed their testimony "at the hands of the Defense Attorney" constituting witness tampering, fraud on the court, and perjury. However, there is no evidence Manly raised any of these contentions with the trial court.

Even if he did, he does not provide record citations to the trial testimony of the witnesses nor does he demonstrate how said testimony amounted to perjury. From our review, there is nothing in the record to support Manly's position.

## V.

### FRAUD

Manly contends Excelsior attempted to defraud him of his legal rights "by trying to force [him] to sign a document, which was designed to restrict or prevent [him] from seeking lawful review before the courts in this case." He bases this on a document attached to his brief purporting to be his termination notice whereby Excelsior asked him to sign a release. But Manly does not explain how this document prejudiced him in a way which warrants reversal of the judgment.

## VI.

### FALSE ALLEGATIONS

Next, Manly claims a defense witness, "made up horrible false allegations against [him] in trial." He does not support the assertions with citations to the record nor does he explain how the testimony resulted in prejudice to him.

## VII.

### CONCEALING EVIDENCE

Last, Manly claims the "Defense Attorney failed to produce any documents which didn't help their case." Although he describes evidence he claims the defense should have produced, he does not cite to anywhere in the record showing he is not in possession of the evidence, the defense unlawfully did not produce the evidence, or the evidence exists. Therefore, we cannot examine the contention or determine what prejudice, if any, Manly suffered therefrom.

### DISPOSITION

The judgment is affirmed. Each party to bear their own costs incurred on appeal.



SANCHEZ, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


SCOTT, J.